UNITED STATES DISTRICT COURT
EASTERN DIVISION OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| HENRIETTA J. SHEARER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Case No. |
| ) | 5:12-cv-00188-JMH |
| OHIO CASUALTY INSURANCE CO. ) | |
| AND AMERICAN FIRE AND ) | **MEMORANDUM OPINION & ORDER** |
| CASUALTY GROUP, ) | |
| ) | |
| Defendants. ) | |
| ) | |

\*\*\*

This matter is before the Court on Defendants Ohio Casualty Insurance Company and American Fire and Casualty Groups' motion to bifurcate and stay discovery on Plaintiff's bad faith claims. (D.E. 11). Plaintiff responded in opposition, and the Defendants subsequently filed a reply. (D.E. 12, 14). Thus, this matter is now ripe for review.

**I. Background**

Plaintiff Henrietta Shearer's complaint alleges that she was involved in an automobile accident on May 3, 2007, in Lexington, Kentucky, in which an automobile driven by Ms. Jessica Stidham collided into Plaintiff's vehicle. Plaintiff has since settled her claims against Stidham.

In her complaint, Plaintiff alleges that she suffered injury from the crash, causing her to incur numerous

medical bills and lost wages. Plaintiff alleges she submitted these claims to Defendants, and argues that they were obligated to pay the bills as her underinsured motorist ("UIM") carrier.

Because the Defendants allegedly did not pay the full amount of Plaintiff's medical bills and lost wages, she filed suit, claiming that the denial of her claims violated Kentucky's Unfair Claims Settlement Practices Act ("USCPA") and the Consumer Protection Act. She also claims that Defendants acted in bad faith in their alleged failure to settle Plaintiff's claims.

Defendants filed this instant motion under Federal Rule of Civil Procedure 42(b) to bifurcate the underlying UIM claim from the bad faith action alleged by Plaintiff. Fed. R. Civ. P. 42(b). Additionally, Defendants move this Court to stay discovery on the bad faith claims until the resolution of liability. For the reasons which follow, Defendants' motion is granted.

## II. Analysis

"Rule 42(b) of the Federal Rules of Civil Procedure provides that in order to promote convenience and economy or avoid prejudice, a district court 'may order a separate trial of any claim...or...any separate issue.'" *Bath & Body Works, Inc. v. Luzier Personalized Cosmetics, Inc.*, 76 F.3d

2

743, 747 (6th Cir. 1996)(quoting Fed. R. Civ. P. 42(b)). "The decision whether to try issues separately is within the sound discretion of the court." *Id. (*quoting *In Re Bendectin Litig.*, 857 F.3d 290, 307 (6th Cir. 1988).

Defendants argue that bifurcation is necessary because Plaintiff's action for bad faith cannot be viable until Plaintiff first shows that Defendants are obligated to pay the UIM claim. Defendants also argue that bifurcation will avoid prejudice to the parties by eliminating unnecessary discovery and preventing confusion of the issues. The Court agrees.

It is clear under Kentucky law that Plaintiff's bad faith claims against Defendants cannot proceed until Plaintiff proves she is entitled to UIM benefits under her insurance policy. *See Wittmer v. Jones*, 864 S.W.2d 885, 891 (Ky. 1993)("[A]t trial, the underlying negligence claim should first be adjudicated. Only then should the direct action against the insurer be presented."). Thus, bifurcation serves the interests of judicial economy and convenience, since resolution of the single issue of Plaintiff's entitlement to UIM benefits may resolve the entire matter. *See Durbin v. State Farm Mut. Auto. Ins. Co.*, No. Civ.A. 3:00CV-384-S, 2001 WL 1793734, at *1 (W.D. Ky. Mar. 22, 2001)(holding in a UIM case that "[b]ecause

3

the defendant's liability...depends upon the plaintiff's entitlement to as yet unliquidated damage elements...we believe bifurcation is appropriate.").

Moreover, trying the liability claims and the bad faith claims together would be prejudicial because it would unnecessarily interject the issue of bad faith into the primary dispute of liability, making discovery more difficult and complicating the issues at trial. *See Pollard v. Wood*, No. Civ.A. 5:05-444-JMH, 2006 WL 782739, at *2 (E.D. Ky. Mar. 27, 2006)(noting that trying liability and bad faith claims together "unnecessarily interjects the issue of insurance coverage into the primary dispute of liability"); *Hardy Oil Co., Inc. v. Nationwide Agribusiness Ins. Co.*, No. 11-75-JBC, 2011 WL 6056599, at *1 (E.D. Ky. Dec. 6, 2011)("Bifurcation serves to avoid prejudice to the parties by eliminating potentially unnecessary and cumbersome discovery," by narrowing "other claims, thus reducing the time and money parties will need to expend to litigate them," and by "prevent[ing] confusion to the jury by simplifying the issues."). In no way does bifurcation prejudice the Plaintiff, as she will get the opportunity to litigate her bad faith claim if she succeeds on the underlying claim. Therefore, the Court exercises its discretion to bifurcate the Plaintiff's claims.

4

Defendants also move this Court to stay discovery on the bad faith claims until liability is established. Defendants argue that allowing discovery now would prejudice Defendants in their defense of Plaintiff's UIM claim by yielding privileged documents.

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003)(citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). Indeed, the Sixth Circuit held in *Smith v. Allstate Ins. Co.*, 403 F.3d 401 (6th Cir. 2005) that it is well within a district court's discretion in a first-party insurance contract dispute to stay discovery on a bad faith claim since "the merits of the bad faith claim depend[ ] on" the merits of the underlying contract claim. *Smith*, 403 F.3d at 407. This Court exercises this discretion accordingly, as staying discovery of Plaintiff's bad faith claims will prevent prejudice to the Defendants while trying the UIM case and further judicial economy by avoiding "complicated privilege issues involved with discovery of the claims file." *Pollard*, 2006 WL 782739, at *3.

5

This Court observes Plaintiff's argument that the present action is a first-party insurance action, and acknowledges that other district courts in the Sixth Circuit have found bifurcation inappropriate in first-party actions. *See Tharpe v. Illinois Nat'l Ins. Co.*, 199 F.R.D. 213, 215 (W.D. Ky.)(holding that bifurcation was inappropriate in a first-party action where the insurer denied payment to the insured, claiming her chiropractic bills were unreasonable).

However, like in *Durbin*, a different situation is presented on the facts of this case since Plaintiff is seeking UIM benefits. *Durbin*, 2001 WL 1793734, at *1. Specifically in a UIM case, "the defendant's exposure to the plaintiff on the underinsured motorist claim is implicated only to the extent that the tortfeasor's liability coverage is insufficient." *Id.* Therefore, if a jury determines that Plaintiff's damages are less than or equal to the amount paid by the underlying carrier, then she will not be entitled to UIM benefits, nor will a bad faith claim lie against Defendants. Thus, even though this is a first-party action, bifurcation is appropriate.

Accordingly, the Court exercises its discretion to bifurcate the trial and stay discovery until the resolution of the liability claims. Not only will the prejudice to

6

Defendants be decreased and the resulting prejudice to Plaintiff from the delay be minimal, but judicial economy will be furthered by staying discovery because a second trial and second set of discovery will not be necessary if Plaintiff fails to succeed on liability.

### III. Conclusion

For the foregoing reasons, **IT IS ORDERED**:

(1) That Defendants' motion to bifurcate the underlying UIM claim from the bad faith claims (D.E. 11) be, and the same hereby is, **GRANTED**.

(2) That Defendants' motion to stay discovery in the Plaintiff's bad faith claims against Defendants until resolution of the primary liability claim (D.E. 11) be, and the same hereby is, **GRANTED**.

This the 20th day of September, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

7