```
              UNITED STATES DISTRICT COURT
              EASTERN DIVISION OF KENTUCKY
                CENTRAL DIVISION at LEXINGTON


HENRIETTA J. SHEARER,          )
                               )
     Plaintiff,                )
v.                             )      Civil Case No.
                               )      5:12-cv-188-JMH
OHIO CASUALTY INSURANCE CO.,   )
AND AMERICAN FIRE AND          )   MEMORANDUM OPINION & ORDER
CASUALTY GROUP,                )
                               )
     Defendants.               )
                               )
```

                                 ***

This matter is before the Court on Defendants Ohio Casualty Insurance Company and American Fire and Casualty Groups' motion for partial judgment on the pleadings. (D.E. 16). Plaintiff responded in opposition, and the Defendants subsequently filed a reply. (D.E. 17, 18). Thus, this matter is now ripe for review.

**I. BACKGROUND**

Plaintiff Henrietta Shearer's complaint alleges that she was involved in an automobile accident on May 3, 2007, in Lexington, Kentucky, in which an automobile driven by Ms. Jessica Stidham collided into Plaintiff's vehicle. Plaintiff has since settled her claims against Stidham. (D.E. 1-2, Amended Complaint).

In her Complaint, Plaintiff seeks to recover punitive damages against Defendants for their alleged bad faith failure to make timely payment of PIP benefits in violation of the Unfair Claims Settlement Practices Act ("UCSPA"). (D.E. 1-2, First Amended Complaint). Defendants filed this instant motion under Fed. R. Civ. P. 12(c) for partial judgment on the pleadings as to Plaintiff's punitive damages claim for the failure to make timely payment of PIP benefits. (D.E. 16). For the reasons which follow, Defendants' motion is granted.

## II. STANDARD OF REVIEW

After the pleadings are closed, a party may move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973). "A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Id.* at 582 (quoting *Paskvan*

*v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

**III. ANALYSIS**

Because this Court has jurisdiction over this case pursuant to diversity jurisdiction, state substantive law applies. *See Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). Under Kentucky law, when a statute both declares the unlawful act and specifies the remedy available, the aggrieved party is limited to the remedy provided by the statute. *Foster v. Ky. Farm Bureau Mut. Ins. Co.*, 189 S.W.3d 553, 557 (Ky. 2006); *Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985).

The Kentucky Motor Vehicle Reparations Act ("MVRA") declares it unlawful for an insurance company to wrongfully delay or deny payment of basic reparations benefits (commonly referred to as "PIP" benefits) and provides a remedy available to a party aggrieved by such conduct. *See* KRS § 304.39-010 *et. seq.*; *Foster*, 189 S.W.3d at 557. Therefore, under Kentucky law, the MVRA's remedy is exclusive and plainly bars Plaintiff's claim for punitive damages under the UCSPA for Defendants' failure to timely pay PIP benefits.

The Kentucky Supreme Court made this point abundantly clear in *Foster* when it set forth as follows:

3

> The [MVRA] provides an exclusive remedy where an insurance company wrongfully delays or denies payment of no-fault benefits. There is no other Kentucky statute, regulation or case law which permits Foster to claim work loss for BRB. The MVRA is the exclusive remedy. *Grzyb v. Evans*, 700 S.W.2d 399 (Ky. 1985), provides that where a statute both declares the unlawful act and specifies the civil remedy available, the aggrieved party is limited to the remedy provided by the statute. General damages are not available when a specific remedy is provided such as in this case. KRS § 304.39-210 states that the penalty for any delay in payment of basic reparations benefits is payment of interest at the rate of 12% per annum on the delayed benefits, or 18% per annum if the delay was without reasonable foundation. Interest, which is set out in certain situations in KRS § 304.39—220, and the award of attorney's fees are the remedies provided to an insured if an insurance company fails to pay basic reparation benefits in a timely manner and/or without reasonable foundation.

*Foster*, 189 S.W.3d at 557. Other federal district courts in Kentucky that have considered this issue have similarly concluded that the MVRA is the exclusive remedy in such situations. *See Couch v. Northland Ins. Co.*, No. 06-330-REW, 2007 WL 1610185 at *4 (E.D. Ky. May 31, 2007).

Therefore, to the extent that Plaintiff seeks punitive damages for Defendants' alleged failure to make timely payment of PIP benefits, her claim is dismissed, as her only remedy lies in KRS § 304.39-210. Plaintiff's claim against Defendants for the bad faith failure to pay Underinsured Motorist benefits remains.

4

**IV. CONCLUSION**

For the foregoing reasons, **IT IS ORDERED**:

(1) That Defendants' motion for partial judgment on the pleadings (D.E. 16) be, and the same hereby is, **GRANTED**;

(2) That Count I of Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**.

This the 13th day of November, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge