```
                UNITED STATES DISTRICT COURT
                 EASTERN DIVISION OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| HENRIETTA J. SHEARER, | ) |
| Plaintiff, | ) |
| v. | )   Civil Case No. |
| | )   5:12-cv-00188-JMH |
| OHIO CASUALTY INSURANCE CO. AND AMERICAN FIRE AND CASUALTY GROUP, | )   **MEMORANDUM OPINION & ORDER** |
| Defendants. | ) |

***

This matter is before the Court on Plaintiff Henrietta Shearer's motion to remand this case to Fayette Circuit Court. (D.E. 21). The time has passed for Defendants to file a response, and the Court interprets Defendants' lack of response to Plaintiff's motion as an indication that they have no objection to a remand. With this in mind, this matter is now ripe for review.

Currently, this case is before this Court pursuant to diversity jurisdiction under 28 U.S.C. § 1441(b). Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." § 1447(c). In support of her motion to remand, Plaintiff has stipulated that she will not seek more than $74,999.99 in

damages, thereby removing this case from federal diversity jurisdiction. (D.E. 21).

In the past, the Sixth Circuit has held that a plaintiff's post-removal stipulation to less than the amount in controversy requirement does not require remand back to state court. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2002). However, the *Rogers* decision was abrogated by *Powerex Corp. v. Reliant Energy Servs.*, 551 U.S. 224 (2007), in which the Supreme Court held that "a case can be properly removed and yet suffer from a failing in subject-matter jurisdiction that requires remand." *Id.* at 232. District courts within the Sixth Circuit have relied on the *Powerex* decision to grant a plaintiff's motion to remand if the plaintiff stipulates that her damages will not exceed $75,000. *See Baldori v. Delta Air Lines, Inc.*, No. 1:11-CV-102, 2011 WL 1212069, at *3-4 (W.D. Mich. Mar. 29, 2011) (holding that the plaintiff's stipulation that his damages will not exceed $75,000 deprived the court of jurisdiction and entitled the court to remand the case to state court); *Captain v. Wal-Mart Stores East, Inc.*, No. 10-501-HJW-JGW, 2010 WL 4875702, at *1 (S.D. Ohio Oct. 7, 2010) (granting the plaintiff's motion to remand in light of the plaintiff's stipulation that her total damages cannot exceed

$75,000); *Stratton v. Konecranes, Inc.*, No. 5:10-CV-66-KSF, 2010 WL 2178544, at *3 (E.D. Ky. May 28, 2010) (denying remand where the defendant's showing that the amount in controversy more likely than not exceeded $75,000 was not rebutted, and the plaintiff refused to stipulate to a lesser amount of damages).

Accordingly, **IT IS ORDERED**:

1) that Plaintiff's motion to remand (D.E. 21) is **GRANTED**;

2) this matter is **REMANDED** to Fayette Circuit Court pursuant to 28 U.S.C. § 1447(c);

3) that the Clerk shall **STRIKE THIS ACTION FROM THE ACTIVE DOCKET.**

This the 13th day of February, 2013



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge